IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 12-cv-02319-CMA-MEH

GLENN LOCKMON,

    Plaintiff,

v.

THOMAS F. FARRELL, P.C. d/b/a FARREL & SELDIN,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

---

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs (Doc. # 11), filed October 12, 2012. For the following reasons, Plaintiff's Motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff filed a Complaint on August 30, 2012, bringing three claims against Defendant for violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Shortly thereafter, Defendant served Plaintiff with an offer of judgment under Fed. R. Civ. P. 68 (Doc. # 9-1), which Plaintiff accepted and filed with the Court on September 26, 2012. ( Doc. # 9.) On September 28, 2012, the Court entered judgment against Defendant for $1,001, plus Plaintiff's reasonable attorneys' fees, costs, and post-judgment interest. (Doc. # 10.)

On October 12, 2012, Plaintiff filed the instant motion for attorneys' fees and costs, requesting attorneys' fees in the amount of $4,042.00, and costs in the amount of $395.00.[1]  (Doc. # 11.)  Defendant responded on October 25, 2012, and Plaintiff replied on November 8, 2012.  (Doc. ## 12, 14.)

## II.  DISCUSSION

It is undisputed that Plaintiff may recover reasonable attorneys' fees under 15 U.S.C. § 1692k(a)(3).  Defendant disputes, however, both the number of hours expended by Plaintiff's counsel and the hourly rates charged by Plaintiff's counsel.

When evaluating a motion for attorneys' fees, the Court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the prevailing party.  *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553.  Factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing

---

[1] Plaintiff filed a separate Motion for Costs (Doc. # 13), which was terminated as incorrectly filed on November 1, 2012.  Plaintiff does not include any itemization of costs included in the instant motion; thus, the Court will not award costs here.

entries are sufficiently detailed, showing how much time was allotted to a specific task. *Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 06-cv-00554, 2010 WL 3703224, at *2-3 (D. Colo. Sept. 13, 2010) (unpublished). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Although courts are obligated to exclude hours not reasonably expended from the fee award, courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Malloy*, 73 F.3d at 1018 (quoting *Hensley*, 461 U.S. at 437); *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

Once the Court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation. *Ramo*s, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018 (citing *Blum v. Stenson*, 465 U.S. 885, 897 (1984)). The party seeking the award has the burden of persuading the court that the hours expended and the hourly rate are both reasonable. *Id.*

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. *Hensley*, 461 U.S. at 433. The lodestar "may in rare circumstances be adjusted to account for the presence

of special circumstances." *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2012).

**A.     REASONABLENESS OF HOURS EXPENDED**

Plaintiff's attorneys claim that they expended 15.4 hours of work in this case. That figure includes 3.3 hours by a paralegal, and 1.6 hours by a law clerk.[2] (Doc. # 14 at 4.) To support this claim, Plaintiff has submitted time sheets (Doc. # 11-9), affidavits from the various attorneys and paralegals who worked on this case (Doc. # 11-11), and affidavits from other consumer protection attorneys.[3] (Doc. # 11-14.) The Court has reviewed the parties' briefs and all relevant exhibits, and finds that the number of hours claimed by Plaintiff is excessive.

With respect to the work done by the various paralegals and the law clerk, a party can only recover attorneys' fees for work done by legal assistants to the extent that the legal assistant performs work done traditionally by an attorney. *See Brokers' Choice of Am., Inc., v. NBC Universal, Inc.*, No. 09-cv-00717, 2011 WL 3568165, at *8 (D. Colo. Aug. 16, 2011) (unpublished) (citing cases). Upon review of Plaintiff's counsel's time sheets, the Court finds that only the July 31, 2012 entry by Tara St.

---

[2]   These figures are taken from Plaintiff's reply brief because, as pointed out by Defendant in its response, Plaintiff's Motion contained numerous arithmetical errors.

[3]   The affidavits submitted by Plaintiff's counsel in support of their requested fees are entitled to little weight, due to the boilerplate fashion of the affidavits and their blatant mistakes of fact. For example, Mr. Weisberg attests that his firm filed a "ten count complaint under the FDCPA" (Doc. # 11-11 at 3); however, the Complaint contains only three counts. (*See* Doc. # 1.) The affidavits submitted by two other consumer protection attorneys are given no weight by this Court. Neither attesting attorney practices in Colorado, and both affidavits are boilerplate.

Angelo and the May 26, 2012 entry by Simon Wilman concern arguably legal, as opposed to administrative, work. The sum of this time is 2.70 hours. However, these entries are presented in block billing format and the Court cannot determine how much time was spent engaged in arguably legal work. Further, the Court notes that Mr. Wilman did not submit an affidavit in support of the instant motion, and Ms. St. Angelo attested that she "expended a total of 0.4 hours in this matter," which calls into doubt the 2.4 hours that appear next to her name in the time sheets. (Doc. # 11-11 at 14.) The Court finds that the reasonable number of hours expended by Ms. St. Angelo and Mr. Wilman for legal work was one hour.

With respect to the work done by attorneys Alex Weisberg, Craig Ehrlich, and Martha Beard-Duncan, Plaintiff claims 9.6 hour of work.[4] The Court finds that these hours should be cut in half because much of the work was either non-legal or unnecessary to perform in this case. To give just one example, Mr. Weisberg claims 0.8 hours of time for "review[ing] online postings re blogs and any notable recent suits." (Doc. # 11-9 at 4.) Additionally, Ms. Beard-Duncan billed 4.1 hours for work performed in drafting the instant motion for attorneys' fees. Although a plaintiff may receive attorneys' fees for time expended in preparing a motion for attorneys' fees, *see Hernandez v. Asset Acceptance*, LLC, 279 F.R.D. 594, 597 (D. Colo. 2012), the Court

---

[4] Russ Thompson, an associate who worked on the case for Plaintiff, claims that he expended 0.9 hours of time in this case. The Court has reviewed the time entries for Mr. Thompson's work and finds that the entries do not reflect good billing judgment. *See Hensley*, 461 U.S. at 434.

finds that much of this cost could have been avoided had Plaintiff been more reasonable in his fee request.

Thus, the Court finds that the attorney hours reasonably expended in this case were 4.8 hours. Additionally, Plaintiff may recover one hour of non-attorney time.

**B.    HOURLY RATE**

Plaintiff requests an hourly rate of $335.00 for attorneys Weisberg, Ehrlich, Beard-Duncan, and an hourly rate of $135.00 for its paralegals. The Court finds that these requested rates are not reasonable. Both parties agree that the Consumer Law Attorney Fee Survey Report (the "Survey") is a good benchmark for assessing the hourly rate of consumer law attorneys and paralegals in various regions across the United States. (Doc. # 11-12.) Page 13 of the Survey provides that the average attorney rate for a large firm in Colorado's region is $230 per hour, and the average paralegal rate is $75 per hour.

Plaintiff requests a higher than average rate for the attorneys who worked on this case because of their alleged experience in consumer law.[5] According to the firm resumes provided by Plaintiff, Mr. Weisberg has approximately 12 years of experience practicing consumer protection litigation. (Doc. # 11-10.) In the Motion, Plaintiff directs the Court to page 29 of the Survey to show that the average billing rate increases commensurate with years of experience. Unfortunately for Plaintiff, that chart shows

---

[5] Plaintiff makes no argument as to why it is appropriate to charge $135 for the time of paralegals when the average rate is $75.

that an attorney with between eleven and fifteen years of experience is paid an average of $223 per hour. (Doc. # 11-12 at 35.) Based on the firm resumes, it also appears that Mr. Ehrlich and Ms. Beard-Duncan have significantly less experience than Mr. Weisberg when it comes to consumer protection law. (Doc. # 11-10.) Plaintiff fails to explain why Mr. Ehrlich and Ms. Beard-Duncan should receive the same hourly rate as Mr. Weisberg. The Court also notes that even the most experienced consumer law attorneys in Colorado routinely receive fee awards at the rate of $250 per hour. *See, e.g.*, *Feder v. Midland Credit Mgmt.*, No. 11-cv-02872, 2012 WL 266417, at *1 (D. Colo. Jan. 30, 2012) (unpublished) ("the reasonable hourly rate in this district for attorneys with comparable skill and experience in FDCPA cases is $250 per hour."); *White v. Cavalry Portfolio Servs., LLC*, No. 11-cv-02217, 2012 WL 899280, at *2 (D. Colo. Mar. 16, 2012) (unpublished) (collecting cases). In fact, another court in this district has recommended that Mr. Ehrlich receive $250.00 per hour in attorneys' fees. *See Kuberski v. Cred X Debt Recovery*, No. 11-cv-03247, 2012 WL 2943726, at *13 (D. Colo. July 2, 2012) (unpublished).

Based on the foregoing, the Court finds that the average rates set forth in the Survey ($230 for attorneys, $75 for paralegals) are reasonable, whereas the $335.00 and $135.00 rates requested by Plaintiff are not.

### III. **CONCLUSION**

For the reasons stated above, the Court calculates Plaintiff's fee award as follows: $1104 for hours expended by attorneys Weisberg, Ehrlich, and Beard-Duncan

(4.8 hours x $230), and $75 for hours expended by paralegal St.Angelo and law clerk Wilman (1.0 hour x $75), for **a total fee award of $1,179.00.**

Accordingly, IT IS ORDERED that Plaintiff's Motion for Attorneys' Fees (Doc. # 11) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff shall be awarded attorneys' fees in the amount of $1,179.00.

DATED:  December   18  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge